UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse  40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

MOTION INFORMATION STATEMENT

**Docket Number(s):** 24-259

**Motion for:** to hold the appeal in abeyance

**Caption [use short title]**

United States of America v. Milton

**Set forth below precise, complete statement of relief sought:**

Defendant-Appellant Trevor Milton requests that this Court hold the appeal in abeyance pending an indicative ruling by the district court on Milton's Rule 33 Motion for a New Trial on Count Four.

**MOVING PARTY:** Trevor Milton
**OPPOSING PARTY:** United States of America

☐ Plaintiff   ☐ Defendant
☒ Appellant/Petitioner   ☐ Appellee/Respondent

**MOVING ATTORNEY:** Alexandra A.E. Shapiro
**OPPOSING ATTORNEY:** Matthew D. Podolsky

[name of attorney, with firm, address, phone number and e-mail]

Shapiro Arato Bach LLP
1140 6th Ave, 17th Fl., New York, NY 10036
212-257-4880; ashapiro@shapiroarato.com

United States Attorney's Office, SDNY
One St. Andrew's Plaza, New York, NY 10007
212-637-1947; matthew.podolsky@usdoj.gov

**Court- Judge/ Agency appealed from:** Hon. Edgardo Ramos / U.S. District Court for the Southern District of New York

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☒ Yes   ☐ No (explain):

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**
Has this request for relief been made below?   ☐ Yes ☐ No
Has this relief been previously sought in this court?   ☐ Yes ☐ No

Requested return date and explanation of emergency:

Opposing counsel's position on motion:
☐ Unopposed   ☒ Opposed   ☐ Don't Know

Does opposing counsel intend to file a response:
☐ Yes   ☐ No   ☒ Don't Know

Is the oral argument on motion requested?   ☐ Yes   ☒ No (requests for oral argument will not necessarily be granted)

Has the appeal argument date been set?   ☐ Yes   ☒ No  If yes, enter date:

**Signature of Moving Attorney:**
/s/ Alexandra A.E. Shapiro    **Date:** Nov. 20, 2024    **Service:** ☒ Electronic   ☐ Other [Attach proof of service]

Form T-1080 (rev. 10-23)

No. 24-259

IN THE UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

_____

UNITED STATES OF AMERICA,

*Appellee*,

v.

TREVOR MILTON

*Defendant-Appellant*.

_____

**MOTION OF DEFENDANT-APPELLANT TREVOR MILTON
TO HOLD THE APPEAL IN ABEYANCE**

Appeal from the United States District Court
for the Southern District of New York, No. 21-cr-478
Before the Honorable Edgardo Ramos

> Alexandra A.E. Shapiro
> Daniel J. O'Neill
> Avery D. Medjuck
> SHAPIRO ARATO BACH LLP
> 1140 Avenue of the Americas, 17th Fl.
> New York, New York 10036
> (212) 257-4880
>
> *Attorneys for Defendant-Appellant
> Trevor Milton*

Pursuant to Federal Rule of Appellate Procedure 27, Defendant-Appellant Trevor Milton respectfully moves to hold this appeal in abeyance pending a decision on Milton's Rule 33 Motion for a New Trial on Count Four, which is currently pending in the District Court (Ramos, J.). That Motion is based on newly discovered evidence which was withheld from the defense by a key government witness prior to the criminal trial. That evidence would have likely altered the jury's verdict on Count Four.

Given that Milton's appeal raises multiple claims that, if decided in his favor, would result in reversal of the Count Four conviction—including claims the newly discovered evidence bears on directly—a stay of the appeal pending a decision by the district court on Milton's Motion is warranted.

## **BACKGROUND**

1. Milton was the founder of Nikola Corporation, a company that sought to revolutionize the trucking industry by creating low or zero emission heavy-duty trucks. The government alleged Milton made false statements on social media and in other public fora about aspects of Nikola's business, like the status of its planned network of hydrogen stations and the cost of hydrogen.

Counts One, Two, and Three charged a securities and wire fraud scheme directed at Nikola's public shareholders (A-40-85)[1]—even though many of the alleged false statements were made years before Nikola went public, and even though the government conceded that Nikola's public filings with the SEC accurately described the state of Nikola's business. In September 2020, short sellers published a report questioning the accuracy of certain of Milton's public statements, causing Nikola's stock price to plummet.

In Count Four, the government alleged Milton used "the same lies that he had told to investors" to convince a multi-millionaire real estate investor—Peter Hicks—to sell land in Utah for a combination of cash and Nikola stock options. A-349; *see also* A-107-08 ¶ 4. Hicks bought the Wasatch Creeks Ranch in Utah for approximately $6.85 million in March 2020. A-903. Less than three months later, he agreed to sell the Ranch to Milton for $8.5 million cash plus Nikola stock options, achieving a profit of almost $2 million in cash.

The government alleged that Hicks was the victim of Milton's fraud primarily based on Hicks's testimony that during an April 10, 2020 conference call with Milton, a real-estate broker, and Hicks's college-aged son Lucas, Milton

---

[1] Citations to "A" and "SPA" refer to Milton's Appendix and Special Appendix on appeal. Citations to "Dkt." refer to the docket before this Court. Citations to "D.Ct.Dkt." refer to the district court docket.

2

made false statements about the status of Nikola's business, which influenced Hicks's assessment of the value of the Nikola stock options Hicks received in connection with his sale of the Ranch. Unbeknownst to Milton, Lucas Hicks illegally recorded portions of the call. A-845-46, A-913.

        2.      Milton was acquitted on Count Two and convicted on Counts One, Three, and Four. The district court sentenced Milton to 48 months' imprisonment and ordered that Milton forfeit the Ranch, even though Milton undisputedly paid Hicks $8.5 million in untainted funds in connection with the land deal. SPA-30. The district court also granted bail pending appeal, acknowledging "there are substantial issues that were raised throughout this case, both on the facts and on the law." A-2018.

        3.      Milton filed his opening appellate brief on June 14, 2024. Dkt.26. His appeal raises two issues which, if decided in his favor, would require vacatur of all counts of conviction: (1) whether the jury instructions on intent were erroneous; and (2) whether it was reversable error to allow the government's materiality expert to provide opinions that did not meet the requirements of Rule 702. *See* Dkt.26 at 4. Additionally, Milton's appeal raises two issues specifically addressed to Count Four, namely: (1) whether the Count Four conviction must be reversed because of erroneous venue instructions or for insufficient evidence of venue; and (2) whether the forfeiture order in connection with Count Four must be

3

vacated because the forfeited property was purchased primarily with cash that had no connection to any crime. *Id.* The government filed its opposition on September 16, 2024. Dkt.34. Milton filed his reply on October 4, 2024. Dkt.43. The appeal has not yet been scheduled for oral argument.

4. On November 11, 2024, Milton filed a timely motion pursuant to Federal Rule of Criminal Procedure 33 seeking an indicative ruling granting Milton a new trial on Count Four. *See* D.Ct.Dkt.344. The government's opposition to the motion is currently due on December 12, 2024, and Milton's reply is due on December 19, 2024. D.Ct.Dkt.350.

The Rule 33 Motion is based on the discovery of new evidence that was withheld by Peter Hicks prior to the criminal trial, but eventually produced during civil litigation brought by Hicks against Milton. *See Hicks v. Milton*, No. 2:22-cv-00166-HCN (D. Utah). The newly discovered evidence strongly suggests Hicks lied during the criminal trial and intentionally withheld evidence that could have undermined the government's theories of materiality and venue on Count Four.

Specifically, the new evidence shows that, contrary to his trial testimony (*e.g.* A-921-23), Hicks reviewed Nikola's SEC filings before the sale of the Ranch closed. D.Ct.Dkt.345 at 7-12. Hicks's claim that he never looked at the SEC filings was critical to the government's theory of materiality for Count Four, because it was undisputed that the SEC filings, by accurately describing the

4

material facts, rendered Milton's supposed misstatements on the April 10 call immaterial in the context of the "total mix" of information. The SEC filings established—consistent with the defense's theory—that Milton's statements on the call were just optimistic statements about Nikola's plans for the *future*, and thus not material.

The newly discovered evidence also undermines the government's evidence of venue. At trial the government argued (*e.g.*, A-1220-21, A-1294-95) one reason venue was proper because, roughly seven months after the Ranch sale closed, Milton and Hicks executed a separate Stock Purchase Agreement ("SPA") through which Hicks would buy Nikola stock from Milton at a discount. The government argued the SPA conferred venue in the SDNY because an attorney working for Milton sent and received SPA-related emails while in Orange County, New York. A-1454. The government claimed the SPA was "lulling conduct" designed to prevent Hicks from learning of the alleged fraud and suing Milton, and therefore part of the fraudulent scheme. A-1288.

In support of the lulling theory, Hicks testified that even after the short seller report accused Milton of making false statements, resulting in criminal and regulatory investigations of Milton and Nikola, he didn't sue because he hadn't formed a belief about whether Milton's statements to him were true or false. *E.g.*, A-884-85. He testified that his ongoing discussions with Milton kept him from

5

filing a lawsuit. *Id.* But the newly discovered evidence shows that there was no "lulling"—as soon as the short seller report was published, Hicks knew he would sue Milton, but schemed to extract as much money as possible from him first. D.Ct.Dkt.345 at 13-16.

## ARGUMENT

It will preserve the resources of this Court and the parties to hold this appeal in abeyance pending a decision by the district court on Milton's Rule 33 Motion. *See United States v. Owen*, 553 F.3d 161, 164-65 (2d Cir. 2009) (discussing cases where appeal held in abeyance pending factual hearings and resolution of Rule 33 motions in district court). Indeed, this court routinely holds appeals in abeyance, even after opening and opposition briefs have already been filed. *See, e.g.*, *United States v. Ahuja (Shor)*, No. 19-3936(L) (2d Cir. Aug. 5, 2020), Dkt. 133 (granting motion to hold appeal in abeyance after both parties had filed merits briefs); *see also In re Terrorist Bombings of U.S. Embassies in E. Afr.*, 552 F.3d 93, 102 n.3 (2d Cir. 2008) (describing how panel granted stay pending district court decision on a motion for a new trial based on newly disclosed evidence). It should do so again here.

1. Holding the appeal in abeyance makes particular sense because, as noted, two of the issues Milton has raised in his appeal—his challenge to the sufficiency of the evidence of venue and the venue instructions, and his challenge

6

to the forfeiture order—relate solely to Count Four. If the district court issues an indicative ruling[2] that it would grant Milton's Rule 33 Motion and vacate the conviction on Count Four,[3] then there will be no need for this Court to address those issues on appeal. On the other hand, if the district court denies the Motion and Milton appeals that ruling, the two appeals can be consolidated to avoid piecemeal litigation before this Court. By the same token, if the district court grants Milton's Rule 33 Motion, and the *government* appeals that ruling, then that appeal and Milton's original appeal could be consolidated.

    2.    Moreover, the newly discovered evidence underlying Milton's Rule 33 Motion is *directly relevant* to issues and arguments that have already been raised by the parties on appeal. Holding the appeal in abeyance pending the district court's resolution of the Rule 33 Motion will therefore allow this Court to decide Milton's appeal with a more complete view of the factual record, and the benefit of the district court's ruling addressing those facts.

On appeal, Milton has challenged the admission of the testimony of the government's materiality expert. *See* Dkt.26 at 37-51. In response, the government has argued that even if the admission of that testimony was erroneous,

---

[2] At that time, Milton would likely make a motion in this Court to consolidate the two appeals and permit additional briefing to address the Rule 33 Motion.

[3] *See* Fed. R. Crim. P. 37; Fed. R. App. P. 12.1.

7

the error was harmless because there was "direct proof of materiality." Dkt.34 at 53. Milton's Rule 33 Motion challenges the veracity of one piece of the "direct proof of materiality" the government relied on at trial—namely, Hicks's claim that the stock options were critical to his decision to sell the Ranch. *See* D.Ct.Dkt.345 at 7-12.

Similarly, Milton's Rule 33 Motion is highly relevant to the parties' arguments about venue for Count Four. Rather than defend the district court's erroneous venue instructions, on appeal the government has argued the instructions were harmless because there was ample evidence for a properly instructed jury to find venue. Dkt.34 at 43-47. The government's claim of harmless error turns substantially on its argument that the SPA between Hicks and Milton was "lulling conduct" by Milton, such that the SPA-related emails to and from the attorney in Orange County were sufficient to confer venue. But as discussed, the newly discovered evidence addressed in the Rule 33 Motion undermines the notion that Milton tried to "lull" Hicks out of anything.

Thus, resolution of the Rule 33 Motion will involve factual matters that directly bear on the appellate issues. This Court should hold the appeal in abeyance so that the issues raised can be addressed wholistically.

\* \* \*

8

The undersigned contacted counsel for the government to request its position on this motion. Counsel for the government advised us that although the government opposes this motion, he did not know whether the government would file a response.

## **CONCLUSION**

This Court should hold this appeal in abeyance pending a decision by the district court on Milton's Rule 33 Motion. If this motion is granted, Milton will promptly update this Court of any such decision in due course.

Dated:   New York, New York
         November 20, 2024

/s/ Alexandra A.E. Shapiro
Alexandra A.E. Shapiro
Daniel J. O'Neill
Avery D. Medjuck
SHAPIRO ARATO BACH LLP
1140 Avenue of the Americas, 17th Fl.
New York, New York 10036
(212) 257-4880

*Attorneys for Defendant-Appellant Trevor Milton*

9

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENT, AND <u>TYPE STYLE REQUIREMENT</u>

1. The undersigned counsel of record for Defendant-Appellant Trevor Milton certifies that the foregoing brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1,899 words.

2. This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word for Mac version 16.91 in 14-point font of Times New Roman.

Dated:   November 20, 2024

                                                  /s/ Alexandra A.E. Shapiro
                                                Alexandra A.E. Shapiro